(Hamilton County Court of Insolvency.)

## ASSIGNMENT OF THE PETTIBONE MANUFACTURING CO.

The Probate Court, and in Hamilton county the Court of Insolvency as the successor of the Probate Court, has jurisdiction to decide as to all matters legal and equitable that may arise in and be incidental to the complete execution of assignments for the benefit of creditors.

Where a party claims that by false and fraudulent representations of a third party he was induced to sell to him his claim against an insolvent, after it had been allowed by the assignee for the benefit of creditors, at a price greatly below its value, and asks the Probate Court to re-instate him in his rights as to the distributive share to which he would be entitled under his claim, the Probate Court has jurisdiction to hear and determine the matter.

(Decided January, 1896.)

---

McNEILL, J.

In this case the assignee has sold all the property assigned, and has collected a large amount of the outstanding claims. At the expiration of six months from the date of the assignment he filed a list of the claims allowed by him, and at the expiration of eight months he filed his report of receipts and disbursements, showing a large balance in his hands now ready for distribution, and which will pay more than — per cent. on the claims allowed by him. A. H. Rice & Company and thirty-two other creditors have now filed a petition herein alleging, in substance, among other things, that after their respective claims had been allowed by the assignee, through misrepresentation and fraud on the part of the President of the Pettibone Manufacturing Company and one E. B. Radcliff, acting as agent for that company, they were induced to assign their respective claims to said Radcliff for twenty per cent of the full value thereof, and now ask that by reason of such fraud and misrepresentation the said assignments of said claims be declared null and void, and that on distribution, the court shall order the amounts of the respective dividends payable on said several claims above said twenty per cent., which is conceded to said Radcliff—paid to said several parties, who have joined in this petition.

Radcliff has filed a motion to strike this petition from the files on the ground that this court has no jurisdiction to hear and determine the questions raised by it.

It is claimed on behalf of the motion that the parties should first present their claims as they now stand to the assignee for allowance, and if the assignee refuses to allow them, then suit should be brought under section 6353, Revised Statutes, to require the assignee to allow the claims.   But the petition alleges that the claims had been allowed by the assignee as valid claims before the alleged transfer to Radcliff; so there can be no question as to the validity of the claims, the question being as to whether there has been a valid transfer—in other words, whether the respective petitioners or Radcliff own the claims.   Therefore, the claims having once been allowed as valid against the estate, no further allowance by the assignee is necessary, whether the transfers are valid or not, and Section 6353 does not apply.

It is further contended on behalf of the motion that this proceeding is in effect a civil action by each of said petitioners to recover specific property, affecting only in each case the assignor and assignee thereof, and this court has no jurisdiction to hear such action or make such an order.

The question does not here arise in an independent proceeding brought for the sole purpose of setting aside these transfers, but it arises as an incident to the distribution of a fund in the custody of the court, and over which fund this court has unquestioned jurisdiction and power of distribution; this jurisdiction to distribute necessarily implies jurisdiction to determine the parties entitled thereto, and if there should be a contention between parties as to the ownership of the claim, to determine to which party it belongs and which is therefore entitled to distribution thereon. It would be strange, indeed, if the jurisdiction of this court over a fund in its possession and under its control, should be divested or impaired by the dealings of third parties in reference to such fund.

The Supreme Court of this state in a number of cases has held that the jurisdiction of the Probate Court in matters relating to the settlement of insolvent estates is full and complete, and that it is clothed with jurisdiction to determine all questions, legal and equitable, that are incidental and necessary to the complete execution of the trust.

Lindemann v. Ingram, 36 O. S. 1; Sayler v. Simpson, 45 O. S. 141; Clapp v. Banking Co., 50 O. S. 528; McNeill v. Haggerty, 51 O. S. 255.

This court as the successor of the Probate Court in this county as to all matters relating to insolvent estates has like jurisdiction.

The motion to strike said petition from the files will be overruled.

W. J. Davidson, Kramer & Kramer, J. B. Frenkel, Nelson Sayler, for plaintiff.

G. W. Harding, A. B. Huston, W. L. Dickson, David Davis, C. K. Shunk, and W. R. Collins, for defendant.